UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

_____

| | |
|---|---|
| **JAMES E. LAFOND,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-2204 |
| | ) |
| **TIMOTHY BUKOWSKI, Sheriff, Kankakee County, Illinois, Jerome Combs Detention Center,** | ) |
| | ) |
| Respondent. | ) |

_____

# OPINION
_____

On September 19, 2005, Petitioner James LaFond filed the instant Petition for Writ of Habeas Corpus (#1) pursuant to 28 U.S.C. § 2254. The petition relates to a March 2003 conviction of criminal sexual assault. On October 26, 2005, Respondent filed a Motion to Dismiss (#5) indicating LaFond's sentencing was originally scheduled for April 29, 2003. LaFond then filed post trial motions for which hearing was scheduled on June 10, 2003. The trial court granted leave to file an amended motion for new trial on November 18, 2003. After a number of continuances, hearing on the motion for new trial was concluded on October 14, 2005. As of the date of the filing of the petition, no ruling on the motion for new trial had been made by the trial court and LaFond had not been sentenced.

Respondent argues LaFond's petition must be dismissed for failure to exhaust his state court remedies. "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). "Exhaustion is

accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain available at the time the federal petition is filed." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), cert. denied, 502 U.S. 944 (1991) (internal citations omitted).  LaFond has not established either of the exceptions to the exhaustion requirement set forth in 28 U.S.C. § 2254(b)(1)(B).  Therefore, in light of the fact that LaFond's case is still proceeding in the state court, LaFond's petition must be dismissed at this time for failure to exhaust state court remedies.

On November 3, 2005, LaFond filed a Motion to Stay (#7) his habeas case pending resolution of the state court proceedings.  A habeas case may be stayed under certain circumstances as explained by the United States Supreme Court in Rhines v. Weber, 544 U.S. 269 (2005).  However, unlike the prisoner in Rhines, in the instant case LaFond will have an adequate amount of time following the resolution of his state court proceedings to file a habeas petition with this court.

IT IS THEREFORE ORDERED:

(1) Respondent's Motion to Dismiss (#5) is GRANTED.   The petition for writ of habeas corpus is dismissed without prejudice.

(2) Petitioner's Motion to Stay (#7) is DENIED.

(3) This case is terminated.

ENTERED this 8th  day of February, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE